PERRY L. HALL AND JANICE R. HALL, ET AL., [1] Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent Hall v. Commissioner
Docket Nos. 25574-86, 25811-86, 26259-86.
United States Tax Court
T.C. Memo 1988-450; 1988 Tax Ct. Memo LEXIS 473; 56 T.C.M. (CCH) 261; T.C.M. (RIA) 88450; September 20, 1988; WITHDRAWN April 26, 1989 *473 Ps seek reasonable litigation costs pursuant to I.R.C. section 7430. Held, Ps having failed to comply with the statutory requirements of I.R.C. section 7430, their motion is denied. Dale C. Allen, for the petitioners. Kirk S. Chaberski, for the respondents. NIMS
MEMORANDUM OPINION NIMS, Chief Judge: Petitioners, as a result of a problematic and protracted settlement with the Internal Revenue Service, seek reasonable litigation costs from the Internal Revenue Service pursuant to section 7430. [2]
The Tax *474 Reform Act of 1986 amended section 7430. Specifically, with the objective of mirroring the Equal Access to Justice Act, Section 7430(c)(2)(A)(iii) defines a "prevailing party" as an individual or entity who meets the requirements of 5 U.S.C. § 504(b)(1)(B) (1982). See Staff of Joint Committee on Taxation, General Explanation of the Tax Reform Act of 1986 (Comm. Print 1987). This reference to 5 U.S.C. § 504(b)(1)(B) requires that a petitioner seeking reasonable litigation costs produce evidence that his net worth does not exceed $ 2 million. In the present case, petitioners' motion lacks any reference as to petitioner's net worth. Also, there is no evidence in the record demonstrating that petitioners' net worth does not exceed $ 2 million. Therefore, because petitioners bear the burden with respect to this issue and failed to produce evidence of net worth, respondent must prevail. Rule 142(a). See also Doyle v. Commissioner,T.C. Memo. 1988-449, decided this date. To reflect the foregoing, An appropriate order and decision will be entered.
Footnotes
1. Cases of the following petitioners are consolidated herewith: Ray D. Hall and Lily M. Hall, docket No. 25811-86; and Kenneth D. Travis and Judy L. Travis, docket No. 26259-86. ↩
2. Unless otherwise indicated, all section references are to sections of the Internal Revenue Code as in effect for the year in question. All Rules references are to the Tax Court Rules of Practice and Procedure. ↩